IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CLIFTON JAMES GRIMES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 7:23-CV-075-O |
| | § | |
| DIRECTOR, TDCJ-CID | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Clifton James Grimes for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The Court, having considered the application, the response, the reply, and further responses of Petitioner and Respondent, concludes that the application must be **DISMISSED**.

**I.   BACKGROUND**

Petitioner was convicted of possession of a controlled substance greater than or equal to 4 grams but less than 200 grams and two enhancement paragraphs in Cause No. 5707 in the 50th Judicial District Court of Baylor County, Texas. He is serving a term of imprisonment of forty years. ECF No. 16-21 at 46–48. His conviction was affirmed on appeal. *Grimes v. State*, No. 08-20-00111-CR, 2021 WL 2550516 (Tex. App.—El Paso June 22, 2021, no pet.). He did not file a petition for discretionary review. *Id.*; ECF No. 15-2.

On August 22, 2021, Petitioner filed a state application for writ of habeas corpus. ECF No. 16-25 at 10–28. On December 8, 2021, the Court of Criminal Appeals of Texas dismissed the

---

[1] Section 2254 refers to the filing of an "application," whereas the Rules Governing Section 2254 Cases in the United Sates District Courts refer to a "petition." The Court will interchangeably use the terms.

application without written order because Petitioner's conviction was not final, as the mandate had not issued, when the application was filed. ECF No. 16-22.

On December 14, 2021, Petitioner filed his first federal habeas application, which was assigned No. 7:22-CV-020-O. ECF No. 15-3. On November 15, 2022, the Court dismissed the application as unexhausted. ECF Nos. 15-4 and 15-5.

On February 14, 2023, Petitioner signed his second state habeas application, which was file-marked February 21, 2023. ECF 16-26 at 10–26. On May 3, 2023, the Court of Criminal Appeals denied the application without written order. ECF No. 16-27.

On July 9, 2023, Petitioner signed the pending federal application for writ of habeas corpus. ECF No. 1 at 10. Respondent filed a preliminary answer maintaining that the application is barred by limitations and that Petitioner is not entitled to equitable tolling. ECF No. 15. Petitioner filed a reply, ECF No. 17, and the Court ordered Respondent to file a sur-reply. ECF No. 19. Respondent filed his sur-reply, ECF No. 23, and the Court allowed Petitioner to file a rebuttal. ECF Nos. 27 and 28.

## II.     LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas petition that is filed before a direct appeal is final is not "properly filed" because the Court of Criminal Appeals does not have jurisdiction over it. *Larry v. Dretke*, 361 F.3d 890, 893–94 (5th Cir. 2004); *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000) (per curiam). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). A federal habeas application does not operate to toll limitations because it is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*,

560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629.

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### III. ANALYSIS

The state appellate court affirmed the trial court's judgment on June 22, 2021. *Grimes*, 2021 WL 2550516. The Court of Criminal Appeals granted Petitioner an extension of time until September 21, 2021, in which to file his petition for discretionary review. ECF No. 15-1. Petitioner failed to file such a petition. ECF No. 15-2. Thus, his conviction became final on September 21, 2021, when the time for filing his petition for discretionary review expired. *Jimenez v.*

*Quarterman*, 555 U.S. 113, 121 (2009). Absent tolling, the one-year limitations period for filing a federal application for writ of habeas corpus expired on September 21, 2022.

Petitioner filed his first state habeas application on August 22, 2021. ECF No. 16-25 at 25. The application was dismissed because the mandate had not yet issued. ECF No. 16-22. Because the application was not properly filed, it did not count to toll limitations. *Larry*, 361 F.3d at 893–94. Nor did the first federal application. *Duncan*, 533 U.S. at 181–82.

Petitioner filed his second state habeas application on February 14, 2023, long after limitations had expired. ECF 16-26 at 10–26. The second application did not toll limitations. *Scott*, 227 F.3d at 263. Petitioner filed his second federal habeas application on July 9, 2023, ECF No. 1 at 10, approximately nine and one-half months after the deadline. In the section of the form application addressing timeliness, Petitioner wrote, "I have not been notified as to the date of final conviction by the court of conviction. The 50th District Court of Baylor County, Texas." *Id.* at 9. Of course, his ignorance of the date his judgment became final would not impact the running of limitations. *See, e.g.*, *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (ignorance of the law or of statutes of limitations is insufficient to warrant equitable tolling); *Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998) (failure to discover the significance of operative facts does not constitute cause); *Cavallo v. Quarterman*, 3:04-CV-2549-H, 2006 WL 3419839, at *4–5 (N.D. Tex. Nov. 27, 2006) (petitioner's misunderstanding of significance of mandate did not warrant equitable tolling). And, in any event, he had notice of the date at the time the first federal habeas action was pending. Failure of the court itself to provide notice, if that is true, did not prevent the timely filing of the application. *See Clarke v. Rader*, 721 F.3d 339, 344–45 (5th Cir. 2013).

5

In his reply and again in his rebuttal Petitioner argues, as he did in his earlier federal habeas case, that the document filed as his first state habeas petition was in fact a petition for discretionary review. ECF No. 17; ECF No. 27. For all of the reasons discussed in the Court's order of dismissal in the first federal habeas case, the document was not a petition for discretionary review. ECF No. 15-4 at 3–5 (also included as part of ECF No. 23-1). And, as reflected in Petitioner's reply in his first federal habeas case, he received a postcard from the Court of Criminal Appeals reflecting that his "application for 11.07 Writ of Habeas Corpus ha[d] been received" on October 14, 2021. No. 7:22-CV-020-O, ECF No. 14 at 28.[2] He also received a letter dated October 27, 2021, from the Court of Criminal Appeals noting that his petition for discretionary review had not been filed. *Id.* at 30. Petitioner recognized that a petition for discretionary review had not been filed, but that a habeas application was filed. *Id.* at 3. Yet, he did not and does not cite to any evidence to reflect what steps he took to rectify the alleged error of the Clerk of the Court of Criminal Appeals. As best the Court can tell, Petitioner has done nothing but complain that he should not be penalized for the alleged error.

Petitioner now claims that he did not know of the dismissal of his first state habeas application until he received the response to his first federal habeas application. ECF No. 17 at 3. In any event, he recognized at the time he filed his reply in his first federal habeas case that "time is near elapsed" for the pursuit of federal habeas relief. No. 7:22-CV-020-O, ECF No. 14 at 6. As of the filing of the response in the first federal habeas case, Petitioner had approximately four months left in the one-year limitations period; as of the time of filing his reply, he had approximately three and one-half months remaining. Nevertheless, he did not file his second state

---

[2] The page references to this document are to "Page __ of 32" reflected at the top right corner of the document on the Court's electronic filing system.

6

habeas application until February 14, 2023, long after time had elapsed.[3] Again, there is no evidence to support any argument that Petitioner acted diligently before or after allegedly learning that he had not exhausted his state court remedies. He is not entitled to equitable tolling. *See Stroman v. Thaler*, 603 F.3d 299, 302–03 (5th Cir. 2010).

Finally, although Petitioner appears to contend that he is actually innocent, ECF No. 27 at 4, he does not meet the *McQuiggin* test. 569 U.S. at 386–87.

## IV. CONCLUSION

The petition for writ of habeas corpus is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **18th day** of **July, 2024**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3] Petitioner alleges that he waited for the conclusion of the first federal habeas case on November 15, 2022, before filing his second state habeas application, ECF No. 27 at 5, but does not explain why. Petitioner filed his first habeas application believing that state court proceedings were still underway, *see* ECF No. 15-3 at 3–4, apparently cognizant of the limitations deadline. No. 7:22-CV-020-O, ECF No. 14 at 6. The pending federal habeas petition was not an impediment to exhaustion of his state remedies. In any event, it took him ninety days to file his second habeas application after the Court dismissed his first federal habeas case. He offers no reason for the delay.